## Com. ex rel. McCracken *v.* White.

*Judges—Disability of judge—Practice—Acts of April* 14, 1834; *March* 18, 1840; *April* 22, 1856; *April* 2, 1860; *May* 1, 1861—*Statutes—Implied repeal.*

While under the acts of April 2, 1860, P. L. 552, and May 1, 1861, P. L. 494, if a judge is unable from any cause to hold the regular term, he may call in any other judge of the commonwealth to hold it for him, and such judge when so holding the term may try all the causes, including those which the president of the district is prohibited from trying, yet when the president judge of the district is under no disability to hold the regular term, but only to try a particular case, he cannot certify that case, under the act of 1861, to any judge in the commonwealth, but must transmit it to the nearest disinterested president judge under the act of April 22, 1856, P. L. 500.

Under the act of April 22, 1856, P. L. 500, the judge called in may try the single case at the regular term with the regular panel of jurors, thus dispensing with the delay, expense and machinery of a special court as provided by the acts of April 14, 1834, P. L. 349, and March 18, 1840, P. L. 153.

Argued Feb. 10, 1894. Petition (No. 209, Miscellaneous Docket No. 1) of Mary Ann McCracken and Jennie Dougherty for mandamus to compel Hon. Harry White, president judge of the courts of Indiana county, to certify a proceeding in the orphans' court of said county of which he is a party to the nearest president judge who shall be disinterested. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.

The facts appear by the opinion of the Supreme Court.

*William Drayton, Jack & Taylor* with him, for petitioners.— The act of April 22, 1856, controls this case. It takes away from the judge who goes into court or is brought into court the selection of the judge who shall preside at the trial of the cause, and in a measure puts him on the plane of the other party to the proceeding. The act of April 2, 1860, makes it lawful, in case of sickness or inability from any cause to hold the regular term of courts, for the president judge to call upon any other president judge, not himself engaged, to hold said

regular term. And by the supplement of May 1, 1861, the provisions were extended so as to authorize the calling upon such other judge for trial at the regular term of all such causes which the president judge was prohibited from trying. The act of May 5, 1864, entitled "An act supplementary to the acts relating to special courts," extends the power to hold special courts under the acts of 1834, 1849 and 1853 to all judges of district courts and courts of common pleas, learned in the law.

The causes authorizing the special courts, or the substitution of a judge who is not of the proper district, as specified by the foregoing acts of assembly, all relate to the disability of the president judge of the proper district, except in the single instance where the judge, who is, for cause, disabled from holding court in his own district, occupies the bench in the district of the judge who holds in his stead: Stearnes Mfg. Co. v. Curll, Campbell & Co., 4 Pa. C. C. R. 267; Judges' Compensation, Ib. 598.

This court takes judicial notice of the leading geographical features of the state: Pearce v. Langfit, 101 Pa. 512; U. S. v. La Vengeance, 3 Dal. 297; and of its judicial districts and officers: Hibbs v. Blair, 14 Pa. 413; Fox v. Tallman, 81* Pa. 511; Lerch v. Snyder, 112 Pa. 161.

The new constitution restricts the original jurisdiction of the Supreme Court in mandamus proceedings to writs directed to inferior courts: Constitution, art. 5, § 33; Com. v. Hartranft, 77 Pa. 154.

The court will grant a mandamus to compel the judge of an inferior court to perform a ministerial duty: Com. v. McLaughlin, 120 Pa. 518; Com. ex rel. v. George, 148 Pa. 463.

This is not the case of parties seeking a change of venue where the trial court must first be satisfied of the truth of the facts alleged: Newlin's Petition, 123 Pa. 541. This court will always compel an inferior court to take such action as may be necessary to enable the parties to have a trial. Thus a referee will be compelled to settle a statement or draft of evidence: Careaga v. Fernald, 66 Cal. 351; Buchoz v. Pray, 37 Mich. 512. A judge will be compelled to sign a record of a judgment rendered in court by his predecessor: Ins. Co. v. Wilson, 8 Pet. 291. To audit a claim against a county: Madison v. Alex-

ander, 1 Miss. 523. To hear a case without a jury where the act provides that cases of this kind shall be tried without one: Louisiana v. Judge, 34 La. Ann. 1177. Or to rescind any act which he had no authority to perform or has done arbitrarily: State v. Court of Texas Co., 44 Mo. 230; Sheahan v. Judge of Wayne Co., 42 Mich. 69. To appoint assessors to assess damages: R. R. v. Rucker, 14 Ill. 353; R. R. v. Wilson, 17 Ill. 123. And to perform many other duties which are necessary to permit a cause to be tried: 2 Spelling on Extraordinary Remedies, 1395; Graham v. People, 111 Ill. 253.

*John C. Bell*, for appellee.—This is an anomalous proceeding. It is pressed as an application for a mandamus on the president of the Indiana county orphans' court to compel him to certify a disqualified case in a particular way or to a particular judge when he has already certified it to the judge of another district. It is really an appeal or writ of error to reverse the certificate already made. This is not the province of a mandamus. Such writ may be used to compel the inferior court to act, but where it has adjudicated it will not lie for the purpose of revising or correcting its decision: Judges v. People, 18 Wend. 94; Com. v. Phila. Judges, 3 Bin. 273; Griffith v. Cochran, 5 Bin. 103; Com. v. Judges of Cumberland, 1 S. & R. 187; Com. v. McLaughlin, 120 Pa. 522; Newlin's Case, 123 Pa. 544; Musselman's Ap., 101 Pa. 165: Gordon's Ap., 93 Pa. 365; Am. & E. Ency. L. 312.

The act of 1875 is also authority, additional to the act of 1861, for calling the judge of any district to try a case in which the calling judge is interested. While Livingston's Ap., 88 Pa. 211, decides this act of 1875 applies only to the judges of separate orphans' courts, yet this seems to have been a hastily considered case. While it decides a common pleas judge, who is ex officio an orphans' court judge, cannot call on a separate orphans' court judge, it does not decide one common pleas judge, who is also the president of the court of his district, cannot call in another president of the common pleas who as such is president of the orphans' court of his district.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1894:

It appears by the answer that the respondent on January 12,

1894, filed of record an order certifying the cause to be heard by the president judge of Butler county. To this answer the relators have filed a replication and exceptions, that the judge of Butler county is not the judge pointed out by the acts of assembly as the one to whom the cause should be referred. Passing over, therefore, all the preliminary matters relating to a stage of the case not now important, we come at once to the substantial question of law, which depends entirely on the construction of the statutes on the subject.

The case comes within the express terms of the act of April 22, 1856, P. L. 500, which directs that when a president judge shall be a party the suit "shall be tried before the president judge residing nearest the place of such trial, who shall be disinterested." This act is precise and mandatory, and leaves nothing to the discretion of the judge who is party. It is therefore important to see if its operation is superseded or affected in any way by other statutes. At the time of its passage there was in force the act of April 14, 1834, sects. 37 et seq., P. L. 349, which provided for holding special courts, in certain enumerated cases, among which was "whenever the president judge shall be personally interested in the event of any cause." Under this act it was the duty of the president judge to give notice to the prothonotary, who was then to "make out a list of all such causes and transmit the same to the president judge who may reside nearest to the place where any such cause is to be tried," and such president judge was then to fix a time and hold the special court. By the act of March 18, 1840, P. L. 153, whenever a special court is necessary under the act of 1834 the list of cases is to be transmitted to the president judge residing nearest, who would not be incompetent under the act of 1834, if the cause were pending in his own court. It will thus be seen that the provision of the act of 1856 was substantially the same as the system already in force under the act of 1834 as amended by the act of 1840. The only notable difference is that the prior acts refer in terms only to special courts necessary to be held, and to lists of causes, while the act of 1856 makes no mention of special courts, but refers only to a single cause, and directs it to be "tried and heard before the president residing nearest," etc. Under this act the judge called in could try the single case at the regular term with the regular panel of jurors,

thus dispensing with the delay, expense and machinery of a special court, or possibly the case itself could be transferred and tried in the neighboring county. Unless for these considerations, there does not appear any necessity or object in the passage of the act of 1856.

The next act, April 2, 1860, P. L. 552, provides that in case of the sickness of the president judge, or of his family, " or of his inability to hold the regular term of courts from any cause whatever," he may call in any other president judge in the commonwealth, and by a supplement of May 1, 1861, P. L. 494, the causes which by the previous act " authorize the president judge to call upon any other president judge in the commonwealth to hold the regular term of the courts of the former, shall be construed as extending to and authorizing the calling upon such other judge for the trial at the regular term of all such causes as by law the president judge of the proper district is prohibited from trying." It is by this last act, if at all, that the mandatory provision of the act of 1856 is modified. The amendment of 1861 is very obscurely worded, but neither it nor the act of 1860 in terms applies to the cases covered by the act of 1856, though the language is broad enough to cover the trial of such cases at a court called under their provisions. But they, like the acts of 1834 and 1840, have reference to the holding of the terms of court by another judge when the president judge, by reason of sickness of himself or of his family, or his inability from any cause whatever, cannot hold the regular term. The act of 1856 on the other hand, as already noted, is intended to provide for single cases, without reference to the judge's ability or inability to hold the regular term. There is no repugnance between the two acts, and therefore under the settled rule of construction both are to stand as to their appropriate functions. While under the act of 1861 if the judge is unable from any cause to hold the regular term he may call in any other judge of the commonwealth to hold it for him, and such judge when so holding the term may try all the causes, including those that the president of the district is prohibited from trying, yet when the president judge of the district is under no disability to hold the regular term, but only to try a particular case or cases, he cannot certify that case under the act of 1861 to

any judge in the commonwealth but must transmit it to the nearest disinterested president judge, under the act of 1856. This seems to be the necessary construction in order to give to each act its legitimate force. And there were good legislative reasons for different rules as provided by the different acts. In the large majority of cases, where the president judge is prevented by sickness or physical inability, or by reason of having been of counsel, and it is desirable therefore to have the regular term held by another, it may with great propriety be left to the discretion of the president, and the convenience of other eligible judges, to determine which one shall be called upon. But where the president judge is a party it is in every way desirable, if for no other reason for the avoidance of any personal questions or feeling such as have unfortunately arisen in this case, that nothing should be left to the choice or discretion of the interested judge, but that the law should point out, by a fixed and mandatory rule, the judge to whom the case should be committed for trial.

It appears from the respondent's reply that the nearest president judges to Indiana are those of Armstrong and of Cambria counties, and that as between those two the question of fact is close, with a slight advantage, in convenience of travel if not also in actual distance, in favor of Cambria. While we are entitled to take judicial notice of the geography of the state we are not disposed to be hypercritical in reviewing the determination of the court below on that question. That appears to be that the judge of the forty-seventh district, Cambria county, is the one residing nearest, and the learned president of that district is entirely disinterested and acceptable to both parties.

We are therefore of opinion that the order certifying the case to the president judge of Butler county was erroneous and must be rescinded, and that it should now be certified to the president judge of the forty-seventh district, Cambria county.

We have no doubt the learned judge below will make the proper order on learning our views of the law.